ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP -9 PM 2: 19

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY LAMAR MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-035 |
| | ) | (Formerly CR 103-067) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Lamar Moore ("Petitioner"), an inmate presently confined at the Federal Correctional Institute in Edgefield, South Carolina, has filed with this Court a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court because the United States of America ("the Government") has filed two motions (original and "supplemental") to dismiss Petitioner's § 2255 motion. (See doc. nos. 3, 5). Petitioner has filed a response. (Doc. no. 4). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that the Government's motions (doc. nos. 3, 5) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

Pursuant to a negotiated guilty plea (see United States v. Moore, CR 103-067, doc. nos. 18-19 (S.D. Ga. Feb. 18, 2004)(hereinafter "CR 103-067")), this Court convicted Petitioner of possession of a firearm by a convicted felon in violation of 18 U.S.C. §

922(g)(1) and sentenced him to 54 months of imprisonment on May 19, 2004. CR 103-067, doc. no. 20. The negotiated plea agreement contained an express appeal waiver, wherein Petitioner agreed to give up his rights to direct appeal and collateral attack of his conviction and sentence as follows:

> The defendant . . . expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . The defendant . . . also expressly waives any and all rights to collateral post-conviction attack of the sentenced imposed.

CR 103-067, doc. no. 18, pp. 3-4.

Furthermore, at the Rule 11 colloquy, the Court specifically cautioned Petitioner that, under the terms of the plea agreement, he was "agree[ing] to waive any right to appeal or make any collateral attack on any sentence that is imposed in your case." CR 103-067, doc. no. 27, p. 11 (hereinafter "Rule 11 Transcript"). Nevertheless, under the plea agreement Petitioner did retain the right to file a direct appeal of his sentence should the Court "upwardly depart[] from the guideline range" or impose a sentence above the statutory maximum. CR 103-067, doc. no. 18, pp. 3-4; see also Rule 11 Transcript ("Tr."), p. 11. In sum, both Petitioner's written plea agreement and the Court's admonition at the Rule 11 colloquy unequivocally informed Petitioner that, in accepting the plea agreement and pleading guilty, he would lose any right to direct appeal or collateral attack, provided of course that the Court did not depart from the applicable sentencing range under the Federal Sentencing Guidelines ("guidelines") or impose a sentence in excess of the statutory maximum.

In the instant § 2255 motion, Petitioner argues that he received constitutionally

2

ineffective assistance of counsel because his counsel failed to "consult" with him regarding an appeal and to file an appeal of his sentence. (Doc. no. 1, pp. 3, 11, 14-19). Substantively, Petitioner argues that his guideline sentence was improperly enhanced, and that his sentence is unconstitutional under Booker v. United States, __ U.S. __, 125 S. Ct. 738 (2005). (Id. at 9-11). In opposition, the Government argues that Petitioner's substantive claims are subject to his appeal waiver, and that Petitioner's purported Booker challenge is no exception. (See doc. no. 3). In addition, the Government points out that Booker is not retroactively applicable to cases on collateral review. (Id. at 1). Upon consideration, the Court resolves the matter as follows.

## II. DISCUSSION

### A. The Instant Proceeding is Barred by Petitioner's Appeal Waiver.

Ordinarily, when counsel fails to file a direct appeal as requested by the defendant, the defendant has been prejudiced and the proper remedy is to reinstate his lost right to appeal.[1] See Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*)(quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). Typically, the criminal defendant files a timely § 2255 motion arguing that his counsel was constitutionally ineffective for failing to file an appeal. The district court then grants the motion, vacates the

---

[1] Indeed, counsel's failure to file an appeal generally constitutes ineffective assistance of counsel without any independent showing of prejudice. "[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*)(quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).

judgment of conviction, and reinstates the sentence, thus providing the criminal defendant with a new 10-day period in which to perfect his appeal. See United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

This principle applies even if the conviction is based on a guilty plea. See Martin v. United States, 81 F.3d 1083, 1083-84 (11th Cir. 1996)(*per curiam*). That having been said, counsel is not ineffective for failing to file an appeal where there has been an express appeal waiver. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995)(*per curiam*)(citing United States v. Bushert, 997 F.2d 1287, 1343 (11th Cir. 1993)); see also United States v. Araujo, No. 8:05-CV-1432-T23EAJ, 2005 WL 1862718, at *1-2 (M.D. Fla. Aug. 3, 2005). Petitioner's broad appeal waiver, discussed above, covered all grounds for appeal or collateral attack save a sentence exceeding the statutory maximum or an upward departure from the range prescribed by the guidelines.[2] Petitioner has not argued that the Court exceeded the statutory maximum or upwardly departed from the applicable guideline range at sentencing; nor is there any evidence in the record to support such a claim.[3]

Thus, the instant § 2255 motion is barred from consideration, provided of course that

---

[2] It should be noted that the Eleventh Circuit has specifically held that a broad appeal waiver, such as the one in Petitioner's plea agreement, also serves to waiver any Booker challenge. See United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294, 1297 (11th Cir. 2005).

[3] The Court is aware that Petitioner maintains that the Court "upwardly departed" in calculating his offense level under the guidelines. (Doc. no. 1, p. 9). However, this statement is misleading, as Petitioner is not complaining about an upward departure from the applicable guideline range, but rather the Court's calculation of his criminal history category and its decision to enhance Petitioner's sentence based upon the fact that the firearm in his possession was stolen. (See id. at 8-10).

4

Petitioner's appeal waiver is enforceable. A waiver of appeal[4] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the [G]overnment must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. Thus, if the Government meets this burden in the instant case, Petitioner's current claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Although Petitioner argues that his counsel was ineffective because he failed to "consult" with him regarding an appeal, Petitioner offers nothing to show that his appeal waiver was not made voluntarily and with full knowledge of the consequences.[5] (Doc. no. 1, p. 14). First, as already discussed, Petitioner signed a plea agreement expressly waiving his right to appeal and collateral attack, and avowing that he entered into these terms

---

[4] By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

[5] It should also be noted that any ineffective assistance of counsel claim that does not relate directly to the voluntariness or intelligence of Petitioner's plea is barred by the waiver in Petitioner's plea agreement. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)(*per curiam*); see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-66 (N.D. Ga. 2004).

5

knowingly and voluntarily. CR 103-067, doc. no. 18, p. 9. Also as explained above, the Court conducted a Rule 11 colloquy and explained to Petitioner the consequences of entering into the plea agreement, including the appeal waiver. Rule 11 Tr., pp. 10-12. At this time, Petitioner explicitly informed the Court that he understood the plea agreement and the appeal waiver, and averred that he still wished to plead guilty. Id.

Thus, even if Petitioner's counsel failed to properly explain the significance of the appeal waiver, no prejudice inured to Petitioner because the Court did not fail to do so. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). In light of the record evidence, Petitioner cannot generate an issue of fact as to the validity of his appeal waiver. It is true that Petitioner requests an evidentiary hearing as to the matter (see doc. no. 1, p. 14), but the Court is entitled to deny relief without an evidentiary hearing "if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989); see also Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998)("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." (citation omitted)). The Government has made such a showing in this case. Put plainly, the Court determines that the appeal waiver is enforceable and bars the instant proceeding.

### B. Petitioner's <u>Booker</u> Claim Affords Him No Relief.

Moreover, even if it had not been waived, Petitioner's substantive claim of error--that his sentence is unconstitutional under <u>Booker</u>--affords him no relief. <u>Booker</u>, decided on January 12, 2005, does not apply retroactively to cases on collateral review. See <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005)(*per curiam*). In sum, none of Petitioner's claims are properly before the Court, and the instant § 2255 motion should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Government's motions (doc. nos. 3, 5) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 8th day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE